McBRIDE, Judge.
By original and supplemental petitions plaintiff sued the Orleans Parish School Board for a judgment declaring that he is now and has been a supervisory principal and as such is entitled to all the emoluments paid to one in such classification, and, alternatively, that there be judgment in plaintiff’s favor decreeing that he had acquired tenure in his position as teacher-in-charge at Milne Municipal Boys’ Plome and ordering-defendant to continue paying him the same annual salary he had earned in that position at said institution. His demands were rejected, and he has appealed from the judgment.
Plaintiff has served the Orleans Parish School Board continuously since 1928. In 1946 he was appointed as teacher-in-charge of the classes for colored boys at Milne Municipal Boys’ Home where he remained until 1950 when he was transferred to the Seabrook School as teacher-in-charge. In 1950 he was re-transferred to the Milne Municipal Boys’ Home in the same category and there served until 1962. Effective November 1962, plaintiff was assigned to Rivers Frederick Junior High School with the classification “ranking teacher-in-charge” to serve under a principal.
For the six years preceding his transfer to Rivers Frederick Junior High School plaintiff was paid twelve pay periods (of four weeks each) @ $765 per day period, or an annual salary of $9,180. In his present assignment his pay rate is the same per pay period but with only ten pay periods each year. Thus plaintiff earns $1,530 per year less than he formerly did due to the smaller number of pay periods.
It is argued on appellant’s behalf that by having been in complete charge of the *435 classes at Milne Municipal Boys’ Home and at the Seabrook School for a span of seventeen years, all the while exercising all of the rights and duties and assuming all of the responsibilities of a principal, he has acquired tenure as a principal under the provisions of LSA-R.S. 17:442 (Teachers’ Tenure Act) reading in part as follows:
“ * * * all teachers in the employ of any parish or city school board as of July 31, 1946 who hold proper certificates and who have served satisfactorily as teachers in that parish or city for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the school board of that parish or city.”
The contention is made that said statutory provision has for its object the protection of worthy teachers and that the act is entitled to liberal construction in favor of the class of persons designed to be its primary beneficiaries. We are cited to Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462. We might state here that, LSA-R.S. 17:442 relied on by appellant applies to all parishes in Louisiana except the Parish of Orleans. However, similar provisions which are applicable to the Parish of Orleans are to be found in LSA-R.S. 17:461.
The attorney for defendant School Board admits that if plaintiff had served as a principal for a period of three years, he would have acquired tenure as such and be entitled to recognition as a principal and to receive the emoluments of that office, but it is argued by the School Board that appellant has never been selected to serve nor has he ever served as principal.
At the time suit was filed appellant was teacher-in-charge at the Milne Municipal Boys’ Home. The record shows that as long ago as 1906 the Orleans Parish School Board has conducted special classes in said institution which are designed to furnish education for children committed there. These classes were established at the instance of the authorities charged with the administration of the institution under LSA-R.S. 17:151, which authorizes parish school boards to establish such classes as may be necessary to meet all special or exceptional requirements. Plaintiff held classes under the supervision of the Department of Special Services of the Orleans Parish School Board. There were only two or three other teachers as the number of pupils at Milne Municipal Boys’ Home was much less than that in the conventional public schools. The Seabrook School was also-a small institution.
The record shows that, including appellant herein, there are only seven teachers-in-charge (a classification below the rank of principal and carrying a lesser rate of pay) remaining in the school system, since no appointments to that category have been made in recent years. Five of the seven, including appellant, are presently serving under principals, but since they have acquired tenure as teachers-in-charge, they as such are paid the emoluments according to the salary schedule established by the Board for teachers-in-charge. One of the other two teachers-in-charge in the system is now holding special classes for white children at the Milne Municipal Boys’ Plome, and one is the teacher-in-charge of the Board’s Educational Unit at Charity Hospital.
Appellant, it seems to us, has always recognized the fact that he was not a principal. He was never appointed or served in such capacity. In January 1949, April 1951, October 1952, December 1954, November 1955 and January 1958, appellant requested the School Board to select him as a principal. On the first two occasions his qualifications were considered and he was eliminated and advised to that effect. By the date of his third application, the School Board had adopted a new principal’s selection procedure, one of the requirements of which was that all applicants for principalship must have a Master’s Degree which appellant did not then possess. In 1954 and 1955, then *436 equipped with a Master’s Degree, appellant participated in the Board’s selection procedure but failed to meet the minimum score required to attain the list of eligibles. Finally in 1958, although he applied for participation in the selection procedure and was authorized to compete in the written •examinations, he failed to report for same.
The reason for appellant’s final transfer from Milne Municipal Boys’ Home to Rivers Frederick Junior High School appears in the record. This transfer was made after appellant had filed his petition in the instant suit. It seems the Orleans Parish School Board was notified in writing by the Director of the Department of Public Welfare, City of New Orleans (which supervises and operates Milne Municipal Boys’ Home — see Sec. 68.4 of the Code of the City ■of New Orleans) that from and after November 9, 1962, appellant would be denied access to the Home. The Director’s letter reads in part as follows:
“The Department of Public Welfare of the City of New Orleans is responsible for the operation of the Milne-Municipal Boys’ Home, 5420 Franklin Avenue, together with all facilities at the Home.
"The Home presently houses some ninety-seven (97) boys, all of whom are inmates of the Home because of special problems affecting them. The Plome consists of two residences or dormitories, two gymnasiums, two schools, an administration building, a chapel, recreation ground and various associated small buildings. For many years the School Board has furnished teachers to handle the boys in the two schools on the Milne ground. Only Milne boys attend the schools in question and under an arrangement between our Board and yours, you furnish six (6) teachers at Milne. Our school year at Milne runs from September 1st to August 1st of each year.
“Your files will indicate that for some time certain problems have arisen in connection with schooling at Milne due to the presence of a Mr. Armand P. Diggs, a teacher in charge of one of the schools. It is apparent from the files that no solution of the problem has been effected.
“The problem has progressed to the point that upon advice and recommendation of Milne’s psychiatrist, Milne’s superintendent and Milne’s supervisor of Institutional Services, our Board has come to the conclusion * * * that the existing situation can no longer be tolerated and immediate action on our part is required.
“At a meeting of the Board of the Department of Public Welfare of the City of New Orleans held October 31, 1962, I was directed to advise you that we request immediate termination of Mr. Diggs’ assignment to teach at the Milne-Municipal Boys’ Home and to inform you that beginning as of November 9, 1962, Mr. David M. Dahl-gren, our superintendent at the Home, has been instructed to refuse to permit Mr. Diggs to enter the Milne grounds or participate in our program in any way.
“We sincerely trust the existing difficulties can be adjusted and that you can make another teacher available at Milne to replace Mr. Diggs.”
The above notification made it impossible for appellant to continue duties at the Milne Municipal Boys’ Home, and it became necessary that the School Board transfer him to another assignment, the present one. Since appellant had acquired tenure as a teacher-in-charge, he was transferred to Rivers Frederick Junior High School as teacher-in-charge at the same rate of pay, $765 per pay period, which is the same he had received as teacher-in-charge at the Milne Municipal Boys’ Home.
The Teachers’ Tenure Act can be of no solace to plaintiff. As appears from the foregoing, he has never served as principal and, hence, could not have acquired *437 tenure as such. His demand to be classified as a principal was correctly denied by the trial court.
The alternative demand in effect is that petitioner should be decreed entitled to receive the same amount of pay per annum as teacher-in-charge at the Rivers Frederick Junior High School as he received at the Milne Municipal Boys’ Home. The $1,530 per year differential in the pay as between the two assignments was brought about because at the Rivers Frederick Junior High School, as well as all other public schools in New Orleans, except in two special situations, there are only ten four-week pay periods in the school year and not twelve of such periods as prevailed at the Milne Municipal Boys’ Home. At the Home plaintiff taught school for about -eleven months each year (twelve pay periods) with a four-week vacation, while at the Rivers Frederick Junior High School he works for nine months each year (ten pay periods) with a twelve-week vacation. There is no other teacher-in-charge position in any public school, and appellant does not claim there is, to which he could be appointed, which would require his services for longer than the usual and regular school session (ten pay periods). Notwithstanding this, he is claiming he should receive twelve pay checks per annum for working only ten periods. No reason has been assigned why there is a longer school year at Milne Municipal Boys’ Home, but we are inclined to believe that whereas that institution is classified in the Code of the City of New Orleans as a social welfare and correctional institution, probably its population of boys undergoes great changes each year necessitating the longer school term.
It must be borne in mind that-it was not on the initiative of the School Board that appellant was transferred from the Milne Municipal Boys’ Home; the transfer was effected because of the written demand of the Director of the Department of Public Welfare that appellant’s assignment be immediately terminated as he would be denied access to the Home. Due to the disposition of the Department of Public Welfare, appellant could not have been retained to teach at the Home. The Department of Public Welfare has over-all supervision of and operates the Milne Municipal Boys’ Home, and the School Board could not have assumed a position contrary to the wishes of the Department by keeping appellant in his post at said institution.
This is not a case where a public school teacher has been demoted or has had his emoluments reduced as compared with other teachers-in-charge. Appellant still holds that rank and is being paid the same rate and the same number of periods as the four teachers-in-charge serving the local public schools. The other two teachers-in-charge are specially assigned to institutions (Milne Home and Charity Hospital) calling for special requirements and work for a longer period each year
In none of the cases cited by appellant were the facts similar or analogous to those found in the instant case.
There is no assignment which appellant could be given as teacher-in-charge which would entitle him to salary for twelve pay periods per annum, and we.think under the circumstances it would be highly inequitable and most unreasonable to penalize' the defendant School Board under the peculiar facts which exist in the case. We believe that the trial court correctly disposed of the alternate demand. Appellant has not been demoted nor has his job been abolished. In its treatment of appellant the School Board has not been guilty of discrimination. No law has been violated as appellant’s removal from Milne Municipal Boys’ Home was necessary because of causes beyond the Board’s control.
For the assigned reasons, the judgment appealed from is affirmed.
Affirmed.