342 So.2d 702 (1977)
Mary Ellen COOK, Plaintiff-Appellant,
v.
NATCHITOCHES PARISH SCHOOL BOARD, Defendant-Appellee.
No. 5754.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Rehearing Denied March 2, 1977.
Writ Refused May 4, 1977.
Makar & Whitaker by John B. Whitaker, Natchitoches, for plaintiff-appellant.
Ronald C. Martin and Eric Harrington, Watson, Murchison, Crews & Arthur by R. Raymond Arthur, Michael Henry, Natchitoches, for defendant-appellee.
Before HOOD, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiff, May Ellen Cook, is a tenured school teacher who was dismissed by the defendant, Natchitoches Parish School Board, after a hearing held May 6, 1975. Her dismissal was reviewed by the Tenth Judicial District Court and was upheld. A judgment was entered maintaining her dismissal and she has appealed to this court.
*703 The district court reviewed the school board's action by stipulation only on the basis of the transcript of the May 6 hearing and it found as follows:
"This Court holds that Mrs. Cook has been accorded all of her rights under the Louisiana Teacher Tenure Law, that all procedural safeguards have been closely observed and fulfilled, and that there is a rational basis for the School Board action." (TR. 269)
Our review on appeal is to determine " . . . whether the action of the school board was (1) in accordance with the authority and formalities of the Louisiana Teachers Tenure Act, and (2) supported by substantial evidence . . ." Howell v. Winn Parish School Board, 332 So.2d 822, 825 (La. 1976).
The errors specified by plaintiff form the issues as follows:
(1) Was Ms. Cook accorded the 15 days notice required by LSA-R.S. 17:443?
(2) Did the school board unlawfully discharge Ms. Cook for "emotional incompetence"?
(3) Was Ms. Cook unlawfully discharged without being given a warning?
(4) Is there substantial evidence in the record to support the school board's decision to discharge Ms. Cook?
Ms. Cook is a permanent or tenured teacher whose removal from office is governed by LSA-R.S. 17:443. She holds, according to her testimony, two undergraduate degrees from Northwestern State University, and two masters degrees from LSU. She has been a teacher for several years in the Natchitoches Parish school system. During the school year 1972-1973, she was at Natchitoches Central High School; in 1973-1974, at Natchez Elementary School; and in 1974-1975, at Ashland High School.
The first notice of charges was that directed on March 10, 1975 to Ms. Cook from W. J. Bullock, superintendent of schools in Natchitoches Parish, which stated that he was recommending to the school board that she be discharged as a teacher because of "incompetency" for the following reasons:
"Specific deficiencies leading to incompetency are as follows:
"1. Non-cooperative attitude toward the administrators of the schools to which you have been assigned.
"2. Ineffectiveness in rendering the students a wholesome learning environment due to poor attitude and improper conduct in the classroom and in performing school duties.
"3. Failure to establish good working relationship with students, co-workers, and community." (TR. 262)
This letter suggested that if Ms. Cook desired a hearing, Mr. Bullock would present his recommendations at 1:15 p. m. on March 27, 1975, to the school board. A copy of the letter was directed to Ms. Cook's attorney.
To this letter, Ms. Cook's attorney replied, requesting that the charges of the March 10 letter which were couched in general terms be made more specific. A second letter was written on April 25, 1975, addressed to Ms. Cook's attorney, and this letter listed 30 specific acts which it described as ". . . neglect of duty, emotional incompetence, insubordination, discrimination and disruption of school operations,. . . " (TR. 248)
The record does not reflect how the date was selected when the hearing was held by the school board. The previously scheduled hearing of March 27 was not held, but the matter was taken up on May 6, 1975 by the Natchitoches Parish School Board. Ms. Cook was present with her attorney and she was given the option of having either a closed or open hearing. Through her counsel, she chose a closed hearing, but a transcript of the proceedings was made. It is significant that the proceedings on May 6 contained no indication of an objection to the hearing on that date or a request for a continuance of any sort. The board held a lengthy hearing as reflected by the 236 pages of transcript, the board hearing many witnesses on behalf of the charges against Ms. Cook but only Ms. Cook in her own defense.
*704 There is no indication that Ms. Cook was denied the opportunity to call witnesses; in fact, she testified that she concluded not to do so. There is no indication that she and her counsel were not afforded amply opportunity to prepare to meet the charges leveled against her.
Only at the conclusion of the hearing and after all witnesses had been heard and Ms. Cook herself had testified did her attorney raise the matter of 15 days notice. (TR. 239, et seq.)
NOTICE
The first issue is whether Ms. Cook was given the statutory fifteen days notice. The sequence of events preceding the hearing establishes notice to Ms. Cook in accord with the statutory requirements. She was first informed of the charges against her almost two months prior to the hearing. Upon her request for more specific charges, these were supplied. While a fifteen-day delay did not run between the final detailing of the charges and the hearing, there is no indication that she did not have the opportunity to meet the charges against her. In fact, she stated that she had no intention of calling any witnesses. Ms. Cook also waived further delay by not objecting to the hearing on May 6 and by proceeding to participate in it without a request for more time to prepare. Cf. Fleming v. Concordia Parish School Board, 275 So.2d 795 (La.App. 3 Cir. 1973); writ denied, 279 So.2d 204 (La., 1973).
Apparently, according to a statement from the school board's attorney in the record (TR. 243) the hearing had been scheduled on two previous dates but it had been upset after communications with counsel for Ms. Cook. However, there is no indication in the record that Ms. Cook's counsel had agreed to the May 6 date.
Even at the point where counsel for Ms. Cook raised the question of fifteen days' notice at the conclusion of the hearing, there was no motion or request that the matter be held open or that it be continued. The assertion was merely that the proceeding, in the opinion of Ms. Cook's counsel, was null because the requirement for the fifteen days' delay had been violated. Under the circumstances presented, Ms. Cook was afforded all of the statutory formalities.
EMOTIONAL INCOMPETENCE
The record does not substantiate the charge that Ms. Cook was released for "emotional incompetence". The statutory grounds for removal of teachers from office are, insofar as herein pertinent, "wilful neglect of duty, or of incompetency, or dishonesty." (LSA-R .S. 17:443). The record does not contain a formal statement as to the findings of the school board. It is conceded by all parties that Ms. Cook was discharged and her appeal to the district court was based on the ground that she had been discharged. The letter of March 10 and the letter of April 25 refer to incompetency and neglect of duty. As noted below, there is an abundance of evidence, which, when reasonably considered, can indicate neglect of duty.
WARNING
The contention on behalf of Ms. Cook concerning the necessity for a warning is based on Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959) where it was held that a school board was arbitrary in discharging a teacher for tardiness without giving a warning and an opportunity to correct the situation. It is apparent that the difficulties of Ms. Cook in discharging her professional responsibilities exceeded considerably the history of tardiness in Lewing. She was given an opportunity to teach in three different schools in a period of three years prior to her discharge, and she encountered problems at each. According to the testimony of her supervisors, there were numerous conversations about her difficulties and the evidence establishes that she had the opportunity to correct the situation.
SUBSTANTIAL EVIDENCE
We do not consider it necessary to detail the 35 charges against Ms. Cook and the *705 evidence presented as to each of them. The record does not substantiate some of the charges, but there is no question that there is substantial evidence, which, if believed by the members of the school board, was sufficient to constitute wilful neglect of duty and even incompetence. For example, there are several charges that in September and October, 1974, Ms. Cook left her class unattended for prolonged periods of time, that she left the campus without authority, and that she left the schoolground during her regularly assigned noon duty hour. (It cannot be seriously argued that leaving one's students unsupervised and unattended for prolonged periods is not wilful neglect of duty.) These charges were supported by testimony of the school principal. There was a charge that on February 5, 1975 the teacher left the school and went to the home of a school bus driver to talk about a report that she passed a stopped school bus. This was substantiated by the testimony of the school bus driver.
A charge relating to her activities during the previous year at Natchez Elementary School included her telling parents of a student that the principal was engaging in improper conduct with some of the older girls. This charge was supported by testimony of the parents. Another charge relating to that school was that Ms. Cook had personally picked up the principal's wife to bring her to the school in order that she might observe improper conduct between the principal and some of the teacher aides. The principal's wife testified that her husband was taking up tickets for a school function when she arrived at the school with Ms. Cook.
Other witnesses testified as to the other charges, but the preceding are illustrative of the complaints against the teacher which were found by the school board to be of sufficient gravity to discharge Ms. Cook.
The only defense presented to these charges was Ms. Cook's testimony which was to the effect that there was either a lack of communication, a misunderstanding, or a plot against her by some unknown parties. There is a substantial evidentiary basis for the discharge of Ms. Cook on the grounds of wilful neglect of duty or incompetence.
We conclude as did the trial court that there was a rational basis for the school board's action. (TR. 269).
Therefore, the decision of the trial court, upholding and maintaining the school board's action, is affirmed. Costs of the appeal are taxed against plaintiff-appellant.
AFFIRMED.