FORET, Judge.
Venton Coburn instituted this suit against the Vernon Parish School Board seeking reinstatement as Principal of Ana-coco High School, a position which he held from September 5, 1974, until his removal by the School Board on August 15, 1977. Judgment was rendered in favor of defendant School Board, dismissing plaintiff’s demand. He has perfected this devolutive appeal from said judgment.
Plaintiff was initially hired by the Vernon Parish School Board in July, 1961, as a teacher and continued in this position until his appointment as Assistant Principal of Anacoco High School in September, 1973; one year later, in September of 1974, he was promoted to the position of Principal at Anacoco. At a meeting of the Vernon Parish School Board on July 26,1977, the Board passed a resolution calling for a hearing to be held on August 11, 1977, concerning demotion of plaintiff to the position of teacher.[1] On the same date, the Vernon Parish School Superintendent, C. Creighton Owen, delivered a letter to plaintiff informing him of his immediate demotion to a teaching position at Anacoco High School. The next day, July 27, 1977, the superintendent mailed a letter to plaintiff setting forth nine specific reasons for the recommended demotion. After a hearing on August 15 (delayed from August 11 at plaintiff’s request), the Board officially demoted plaintiff from his position of principal to the position of assistant principal, his former position.[2]
*233 The sole issue presented on this appeal is whether plaintiff was properly demoted by the Vernon Parish School Board.
Under Louisiana R.S. 17:444,[3] a teacher who has attained-tenure but who is thereafter promoted, must serve a probationary period of three years before acquiring tenure in the position to which he is promoted. However, the tenure acquired in his former position is retained during his subsequent probationary period. In addition, a teacher who has not acquired tenure in his former position before promotion can do so by combining the years served in both positions to obtain tenure in his former position. Thus, under the facts of the instant suit, it is clear that Mr. Coburn, already a tenured teacher, acquired tenure as assistant principal since he had three years combined experience as assistant principal and principal. It is equally clear that Mr. Coburn did not acquire tenure as principal since he had only held that position for approximately two years, eleven months at the time of his demotion. The distinction is important as the procedure for demotion of a probationary principal under La.R.S. 17:442[4] differs substantially from the procedure for demoting a tenured principal. R.S. 17:441,17:463.
The procedural requisites for the demotion of a probationary principal consists of a written recommendation by the superintendent of the parish school board accompanied by valid reasons therefor. Under the provisions of R.S. 17:442, only the school board has the authority to dismiss or demote a probationary employee. Thus, the letter delivered to plaintiff on July 26, 1977, by the school superintendent informing him *234 of his demotion to the position of classroom teacher was violative of the procedure for demotion of a tenured assistant principal. We are of the opinion, however, that the Vernon Parish School Board could act on the superintendent’s letter of July 26, 1977, and demote the plaintiff from the principal-ship to the position of assistant principal inasmuch as plaintiff was a probationary principal. To accomplish this end, it was not necessary under the provisions of LSA— R.S. 17:442 for the School Board to actually hold a hearing.
Appellant implies that another letter should have been written by the superintendent to the School Board recommending that he be demoted to assistant principal, as a prerequisite to the Board’s demoting him. We find no merit in this contention. In our opinion, the School Board had the authority to disregard the superintendent’s recommendation of the demotion of plaintiff to that of classroom teacher, and instead to demote him to his next tenured position, that of assistant principal. We do not find that it was necessary for the School Board to require the superintendent to write another letter recommending plaintiff’s demotion to assistant principal, and accordingly, we reject appellant’s contention in that regard.
The reasons for dismissal or demotion of a teacher (or principal) are largely in the sound discretion of the school board and unless it has been clearly shown that it has abused that discretion, the court will not interfere. Cook v. Natchitoches Parish School Board, 342 So.2d 702 (La.App. 3 Cir. 1977); State ex rel. Piper v. East Baton Rouge Parish School Board, 213 La. 885, 35 So.2d 804 (1948); Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959). As there was no requirement for it under R.S. 17:442, the hearing held by the Vernon Parish School Board on August 15 was unnecessary to legally demote the plaintiff and whatever its deficiencies may or may not have been, should not be a cause for complaint. Foreman v. Vermilion Parish School Board, 353 So.2d 471 (La.App. 3 Cir. 1977), writ denied 1978; Castille v. Evangeline Parish School Board, 304 So.2d 701 (La.App. 3 Cir. 1974), writ denied, 309 So.2d 342 (La.1975); Fleming v. Concordia Parish School Board, 275 So.2d 795 (La.App. 3 Cir. 1973).
Appellant further contends that since he has served three scholastic years as principal, that he is tenured as a principal. However, the Louisiana Supreme Court has held, in State ex rel. Piper v. East Baton Rouge Parish School Board, supra, that the word “year” as used in the teachers’ tenure law providing that each teacher shall serve a probationary term of three years means the calendar year of twelve months from the date of his first appointment, and not a scholastic year. Since plaintiff did not serve as a principal for three calendar years, his contention in this regard has no bearing.
For the foregoing reasons, we affirm the judgment of the trial court which dismissed plaintiff’s suit.
Costs of this appeal are assessed against the plaintiff. .
AFFIRMED.

. July 26, 1977 — Resolution of Vernon Parish School Board:
“WHEREAS, the Vernon Parish School Board has been advised that, for the best interest of the educational program at Anaco-co High School, Mr. Venton Cobum, a nontenured principal, should be relieved of his responsibilities as principal and returned to his tenured position as classroom teacher, and
WHEREAS, the Superintendent of Schools, Mr. C. Creighton Owen, has recommended to the Board that the charge of lack of professional growth in the position as outlined for a principal be presented against Mr. Cobum, now
“THEREFORE BE IT RESOLVED, that the Vernon Parish School Board does hereby set the date of August 11, 1977, fifteen (15) days from this date that said charges were presented to Mr. Cobum, as the date for a formal hearing on said charges.”

. August 15, 1977 — Resolution of Vernon Parish School Board removing Mr. Cobum as Principal:
“THEREFORE BE IT RESOLVED, that the Vernon Parish School Board, after conducting a formal hearing on this date and after hearing evidence on all charges made against Mr. Venton Cobum by the Superintendent of Vernon Parish Schools, Mr. C. Creighton Owen, at a regular meeting of the School Board on July 26, 1977, and enumerated in a letter, dated and delivered to Mr. Venton Co-bum from his non-tenured position as Principal of Anacoco High School.
BE IT FURTHER RESOLVED, that Mr. Ven-ton Cobum shall be returned to his former *233 position held at Anacoco High School prior to his appointment as Principal of Anacoco High School on September 5, 1974.”

. § 444. Promotions; probationary periods and tenure
Whenever a teacher who has acquired permanent status, as set forth in R.S. 17:442 and 17:443, in a parish or city school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the lower position from which he or she was promoted.
During the probationary period in the position to which promoted a teacher shall not be disciplined, removed or demoted to the lower position from which he or she was promoted except in compliance with the provisions of R.S. 17:442. At the expiration of the probationary period in the higher position, a teacher, unless removed or demoted in accordance with R.S. 17:442, shall automatically acquire permanent status in the higher position and thereafter may not be disciplined, removed or demoted from such higher position except in compliance with the provisions of R.S. 17:443.
Where a teacher has not completed the probationary period for teachers as required by R.S. 17:442, or for a particular promotional position as established herein, and is promoted to a higher position, the probationary period, either as a teacher or in the previous promotional position, shall continue to run and at the end of such three year probationary period the teacher shall automatically acquire permanent status in the previously held position until permanent status in the new position is acquired by compliance with the provisions of this Section.
Amended by Acts 1968, No. 494, § 1.

. § 442. Probation and tenure of parish or city school teachers
Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.
Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of the said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the school board of the parish or city, as the case may be, in which he has successfully served his three year probationary term; all teachers in the employ of any parish or city school board as of July 31, 1946 who hold proper certificates and who have served satisfactorily as teachers in that parish or city for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the school board of that parish or city.