446 So.2d 853 (1984)
In re The Bossier Parish School Board Applying to Perpetuate the Testimony of Nathan DOWDEN, Bob Burford, Jerry W. Griffin and Frank Boston.
No. 16024-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
Dissenting Opinion March 2, 1984.
Rehearing Denied March 28, 1984.
Writ Denied May 25, 1984.
*854 Henry N. Brown, Jr., Benton, for Bossier Parish School Bd.
Fayard & Snell by M.F. "Rick" Fayard, Jr., Bossier City, for appellees, Dowden, Burford, Griffin and Boston.
Before HALL, MARVIN and CULPEPPER, JJ.
MARVIN, Judge.
The school board appeals a judgment of the district court which reversed the board's disciplinary suspension of two of its teachers under LRS 17:443.
The factual issue presented is whether these teachers, Burford and Dowden, willfully neglected their duty by using deceit and subterfuge in claiming sick leave to allow them time between October 30 and November 6, 1980, to go on a scheduled hunting trip to Colorado, and then "obstructing" attempts by supervisory employees of the board to contact them and to discuss their whereabouts. This conduct was alleged to have been contrary to the policies and procedures of the board. The board's policies and procedures were not introduced into this record in any form.
The board contends that the district court exceeded its authority by allowing into the record, and over the board's objection, the deposition testimony of four witnesses who were present at the board hearing under a subpoena but who did not testify at the hearing. The board secondly contends that once the district court found that the board's determination was supported by considerable circumstantial evidence, the court should have upheld the board's judgment as not arbitrary.
LRS 17:443 B. provides that a permanent teacher, who is subjected to discipline by a school board, may petition a court of competent jurisdiction for a full hearing to review the action of the school board.[1]
In Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959), the board unsuccessfully sought to introduce additional and primary evidence in the district court to support its discipline of a teacher. The supreme court found no error in the district court requiring the board to prove its grounds for discipline in a board hearing. The court then made, obviously as dicta, these observations:
"Our study of the Teachers' Tenure Act and the jurisprudence convinces us that the provision in LSA-R.S. 17:443, supra, providing `for a full hearing to review the action of the school board' is for the benefit of discharged teachers. If a school board decides that sufficient evidence was adduced before it to sustain the dismissal of a teacher, she is entitled, if she desires, to a full hearing on the *855 merits in the district court with a presentment of additional evidence in her behalf. Article 476, Code of Practice. The defendant school board would then be given an opportunity to negate this evidence. Article 477, Code of Practice. If the discharged teacher is content with the record as made up at the hearing before the school board, she has a right to have her case submitted on the record, subject, of course, to the discretion and ruling of the trial judge. In that event, the school board should not be allowed to prove its case in the district court. If sufficient evidence is not adduced before a school board to sustain a teacher's dismissal, she should not be required to present additional evidence at the hearing in the district court. We find no error or abuse of discretion on the part of the trial judge in deciding the instant case upon the record as made up before the De Soto Parish School Board." 113 So.2d at 465.
The observation in Lewing was "noted" by the supreme court in Howell v. Winn Parish School Board, 332 So.2d 822, 824 (La.1976). Howell did not present the issue of additional evidence in the district court and was decided upon the record of the hearing before that school board.
In the one case where the issue was squarely presented, the court found that a teacher should have been allowed to present additional evidence in the district court, short of a trial de novo. Lewis v. East Feliciana Parish Sch. Bd., 372 So.2d 649, 652 (La.App. 1st Cir.1979), writ refused. The distinction was not explained other than as a prohibition against duplication of testimony which had been heard by the board. The articles of the former Code of Practice, cited in Lewing, are now incorporated into Art. 1632, La.CCP and shed little illumination on the issue.
The issue here is "clouded," as the district court observed, because the four witnesses were among 35 witnesses subpoenaed to the board hearing by the teachers, who had the opportunity to present their witnesses but apparently chose not to. We are also inclined to agree with the district court's observation that the legislature probably did not intend that a teacher could intentionally elect to withhold evidence available to him at a school board hearing and present his defense at the district court level. Nonetheless, we do not find that the district court abused its discretion in allowing the depositions on the authority of the cases cited and discussed.
We assign the usual weight to the determination of the board who saw and heard most of the witnesses. The district court did not see and hear the witnesses in question and made its determination from the later depositions of the four witnesses and from the record of the school board hearing and depositions introduced at that hearing. The board heard from 11 witnesses and had depositions of two others. Our review of the record compiled in the district court then is made independently and without the recognition and weight usually afforded a trier of fact that assesses live testimony and credibility issues. Compare Fabiano v. Bryan, 438 So.2d 719 (La.App. 2d Cir.1983).
The four witnesses whose deposition testimony was allowed by the district court were the mother and a neighbor of teacher Burford and the mother and step-father of teacher Dowden.
After our independent review of the record, we find that the conclusions of the district court are not in error and are well supported by the record. As the trial court noted, it was shown that Burford planned and coordinated with Dowden and others the hunting trip to Colorado for about a year. Each teacher arranged to be off duty on October 30 and 31. Each teacher had a relative report that he would be sick for the week of November 3, the Monday following. Each teacher left sufficient lesson plans for that week. The Colorado guide, Boston, in deposition, stated that three of the seven hunters who were scheduled to hunt on Burford's trip did not show up. He did not know the four who hunted or the three who did not, although he later listed both Burford and Dowden on a list of *856 numerous hunters that he filed with Colorado wildlife officials. Dr. Florence of Ruston, who was one of the four Louisianians on the trip, identified two others, neither of which was Burford or Dowden. The fourth hunter did not hunt with Dr. Florence. Dr. Florence knew only of himself and the two who were with him and did not know who else might have made the trip from Louisiana.
The district court correctly observed that while no one testified that the teachers were hunting in Colorado at the time in question, there was considerable circumstantial evidence before the board that the teachers had planned and participated in the hunt. The district court then observed that when the additional evidence from the "alibi-type" witnesses was considered, that is from the neighbor and the parents or step-parent, respectively, of the two teachers, the totality of the evidence presented a different picture. The board had the opportunity to rebut this alibi evidence in the district court but did not do so. The district court concluded that the circumstantial evidence that the teachers went on the hunt was not sufficient to overcome the direct and corroborated evidence that the teachers were in Louisiana and not in Colorado during the time in question. Our independent review of the record causes us to reach the same conclusion.
The district court's reasons for judgment details the testimony. We adopt those reasons with this summary, and affirm the judgment.
CULPEPPER, Judge, dissenting.
I agree with the majority's observation that the Lewing, Howell and Lewis cases permit the presentation of additional evidence in the district court, short of a trial de novo. The difficult question, under these decisions, is when does the additional evidence become a trial de novo.
In Lewing and Howell our supreme court recognized that the school board should be the principal finder of fact. Otherwise, the court would not have stated that the hearing in the district court should not be a trial de novo. In the present case, the decisive issue is the credibility of the witnesses. The school board heard the witnesses for the board and it heard the testimony of the two teachers and several of their witnesses. The board voted nine to two to believe the board's witnesses and not to believe the teachers and their witnesses who testified before the board.
For some reason which has never been explained by the two teachers they had four witnesses who could have given direct evidence before the board that the teachers were at home sick and were not in Colorado deer hunting. Fred Jones, Burford's next door neighbor for 12 years, Mabel Grafton, Dowden's mother and James Grafton, Dowden's stepfather, had actually been subpoenaed and were present at the board hearing but were not called to testify by the teachers. Mrs. Jerry Burford, mother of Bob Burford, was not present at the school board hearing but she said that she would have been glad to testify had she been called. Since the principal issue was the credibility of the two teachers, I think they should have called these four witnesses to testify before the board. The teachers should not be permitted to wait until the case is before the district court on judicial review and have this crucial testimony introduced by deposition. I think this case reaches the point at which the hearing in the district court became a trial de novo. The result reached by the district judge and by the majority on the court of appeal denies to the school board the fact finding function intended by the legislature and recognized by our supreme court.
Moreover, even considering all the evidence which was heard by the board as well as the four depositions admitted in evidence in the district court, my independent review of this record leads me to the conclusion that the testimony of the two teachers and their witnesses is incredible. It would simply be too much of a coincidence to be worthy of belief that both teachers planned the hunt, advanced fees and costs totaling almost $500 which was nonrefundable, left sufficient lesson plans *857 for the entire week they were gone, had their wife and their mother respectively telephone the school board on Sunday night and report that they had bronchial infections which prevented them from talking on the telephone and then to be out of communication with the school board during the entire week when they must have known through their families that the school board authorities were looking for them and asking for them to return telephone calls. With all due respect to the four witnesses whose depositions were filed in the district court, they are clearly biased.
It is my view that this case should be remanded all the way back to the school board for a full hearing in order that the board can perform its proper fact finding function.
For the reasons assigned, I respectfully dissent.
NOTES
[1] See and compare appellate procedure and review of determinations by other administrative boards: Fire and Police Civil Service Boards, LRS 33:2501, 33:2561 and Division of Employment Security of the Department of Labor Board of Review, LRS 23:1634.