465 So.2d 53 (1985)
Dr. Kenneth PHILLIPS
v.
PLAQUEMINES PARISH SCHOOL BOARD.
No. CA-2617.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Rehearing Denied March 27, 1985.
Writ Denied April 19, 1985.
Nathan Greenberg, Greenberg & Dallam, Gretna, for appellant.
Leander H. Perez, Jr., Dist. Atty., Pointe-a-la-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for appellee.
*54 Before REDMANN, C.J., and GULOTTA and WILLIAMS, JJ.
GULOTTA, Judge.
Plaintiff appeals a judgment dismissing his petition for reinstatement of his tenured employment as a school principal following termination by the Plaquemines Parish School Board for incompetency. We affirm.
Plaintiff was charged with two counts of incompetency concerning his behavior during a job interview with a twenty-one year old female applicant for a teaching position at his school. Following a hearing, the parish school board found Dr. Kenneth Phillips guilty on both counts by (1) making "sexual advances" toward the young woman "by indicating to her verbally and physically that ... [he] desired to have a sexual relationship with her contrary to accepted educational employment practices" and (2) placing his hand on her neck without her consent and attempting "to lead her forcefully down" a hallway in the school.
After his termination by the board, plaintiff filed a "Petition for Reinstatement and/or Appeal" in the trial court, seeking judicial review based on stipulated evidence of the transcript of the tenure hearing. The trial judge dismissed plaintiff's action without written reasons.
At the tenure hearing, the complaining job applicant testified that on her second employment interview at the school, during a tour of the classrooms, plaintiff put his arm around her shoulder and asked "in kind of a kidding manner", if she were "really tough", which she interpreted as a reference to classroom discipline. According to her version of the incident, plaintiff then told her that she was "too pretty to be tough" and began to massage her neck. She further stated:
"He still had his arm around me and his hand was on my neck and we started walking toward the third and fourth grade classrooms and he said, `Wouldn't you like to see the third and fourth grade classrooms?' I said, `No, I would not,' and he said, `Wouldn't you like to see them? Was I sure?' I said, `Yes, I was sure'. He was trying to turn my neck. He had his hand around the back of my neck. He was pulling me toward the hallway and, at that time, I said, `No', and pushed myself away free and walked out."
The witness testified that after returning to plaintiff's office he told her that it would be a "good idea" that they did not get "too close together" the next time that they were alone. She also stated that plaintiff offered to take her to have a "cold beer" before she left the school grounds.
In addition to the job applicant's testimony, a former teacher at the school testified, over plaintiff's objection, about plaintiff's sexual advances toward her two years prior to the incident in question. According to this witness, during her two-year teaching career at the school the plaintiff principal "in the early stages" put his arm around her, patted her on the shoulder and touched her hair. She stated that he later directly propositioned her on numerous occasions by inviting her to go to a motel and once to take a trip with him. She also testified that she had been "manhandled" by him on one occasion, when he threw her against a wall and then tried to embrace her.
Plaintiff denied touching or making sexual advances to either the job applicant or the former teacher, and denied having any ulterior motives in inviting the applicant to have a cold beer at the conclusion of her interview.
Appealing, plaintiff contends: (1) the board erred in admitting irrelevant testimony of a former teacher concerning plaintiff's alleged prior sexual harassment; and (2) the evidence adduced at the hearing is insufficient to sustain a finding of incompetency. We disagree.
The thrust of plaintiff's first argument is that the testimony of the former teacher is inadmissible in the hearing on the job applicant's complaints because he was never notified in writing or formally charged concerning the former teacher's allegations as *55 required by LSA-R.S. 17:443. This statute provides for written notice of the charges against a teacher subject to removal and the specific reasons for them, including the date and place of the alleged offense and the names of the individuals involved. In support of this contention, plaintiff relies on Johns v. Jefferson Davis Parish School Board, 154 So.2d 581 (La.App. 3rd Cir. 1963), which excluded evidence of delinquencies that had not been charged in a formal notice to the principal prior to the hearing.
Although we do not quarrel with the statutory provisions and the case cited by plaintiff, the prior teacher's testimony in the instant case was not introduced to prove plaintiff's incompetency (as in the Johns case) based on acts with the former teacher, but rather to prove plaintiff's propensity, intent or state of mind to sexually harass the job applicant. In this respect, the former teacher's testimony is analogous to admissible evidence of similar acts to show intent in criminal cases. See LSA-R.S. 15:445; State v. Talbert, 416 So.2d 97 (La.1982); State v. Acliese, 403 So.2d 665 (La.1981); State v. Prieur, 277 So.2d 126 (La.1973). Admission of the evidence for this limited purpose, therefore, does not violate the written notice requirements of LSA-R.S. 17:443. Moreover, as a practical matter, the former teacher testified at the school board hearing that her deposition had been taken by Dr. Phillips prior to the hearing. Under these circumstances, the nature of her testimony certainly came as no surprise to him. We conclude, therefore, that the former teacher's testimony was admissible.
We likewise reject plaintiff's second contention that the evidence is insufficient to sustain his dismissal. According to plaintiff, the complaining job applicant's testimony that she only had an "impression" of sexual advances does not justify the conclusion of incompetency.
The standard of judicial review of a school board's tenure action is whether it is in accordance with the formalities of the Louisiana Teachers Tenure Act, LSA-R.S. 17:441-445, and supported by substantial evidence. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959). In such cases, the reasons for dismissal are largely in the sound discretion of the school board whose judgment will not be disturbed in the absence of a clear showing that the board has abused its discretion. State v. East Baton Rouge Parish School Board, 213 La. 885, 35 So.2d 804 (1948).
Although the complaining job applicant acknowledged that plaintiff did not sexually proposition her "in direct terms" and that it was only her "impression" that he was making such advances, she did testify that plaintiff put his arm on her shoulder, began to massage her neck, and physically pulled her until she pushed herself away from him. Her testimony, considered together with that of the former teacher, provides a substantial basis for the board's findings of incompetency. Viewing the evidence of the complaining job applicant in a light most favorable to Dr. Phillips, one might reasonably argue that the intent to sexually harass did not exist. Nonetheless, when this witness's testimony is corroborated by the former teacher, the intent to harass was established. Under these circumstances, we cannot say that the board erred.
Accordingly, we affirm.
AFFIRMED.
REDMANN, C.J., concurs.
REDMANN, Chief Judge, concurring.
I concur in affirmation but I deem it unnecessary to decide whether the teacher applicant's testimony alone would suffice for the board's firing plaintiff (and I tend to believe it would).