336 So.2d 864 (1976)
J. Daniel RIVETTE
v.
Regis MOREAU (ESTATE of Emily MISTRIC).
No. 57376.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
*865 Daniel J. McGee, Rozas, Manuel, Fontenot & McGee, Mamou, Andrew J. Vidrine, Church Point, for plaintiff-respondent.
Lawrence B. Sandoz, Jr., Sandoz, Sandoz & Schiff, Opelousas, for defendant-applicant.
SANDERS, Chief Justice.
Defendant, Regis Moreau, applied for review of the Court of Appeal's decision which reversed the district court judgment in this succession proceeding and ordered the case remanded for probate of testatrix's statutory will. 322 So.2d 790 (1975). We granted writs to review the judgment. La., 325 So.2d 614 (1976).
Plaintiff, J. Daniel Rivette, is a nephew of defendant and a second cousin of the testatrix, Emily Mistric Moreau. Emily Mistric Moreau is the deceased wife of the defendant. Rivette was both the executor and a beneficiary of the deceased's statutory will executed May 5, 1964. The probate of that will is at issue in this proceeding.
In December of 1967, Moreau presented an olographic will for probate. A judgment placing Moreau in possession of the testatrix's entire estate was signed in an ex parte proceeding. In March of 1968, Rivette filed a petition seeking annulment of the olographic will and the judgment of possession based upon it. Rivette presented a duplicate original of the 1964 statutory will for probate. Moreau answered the suit and filed an opposition to the statutory will on several grounds, including tacit revocation. The olographic will was declared null and that judgment has become final. The trial judge also invalidated the statutory will on the ground that the testator could not read. Although extensive testimony had been offered on revocation, the trial judge did not reach that issue. Plaintiff, Rivette, appealed. The Court of Appeal found that the testator was able to read at the time of the execution of the will. It then reversed the trial court judgment and remanded the case to the trial court. 261 So.2d 293 (3rd Cir. 1972). Moreau's application to this Court for writs was denied. 262 La. 193, 262 So.2d 789 (1972).
After the 1972 judgment of the Court of Appeal, Rivette again attempted to probate the statutory will in the trial court. Moreau again opposed the will on the ground that it had been tacitly revoked by destruction of a duplicate original. Rivette filed an exception of res judicata, which the trial judge overruled. On the merits, the trial judge annulled the statutory will.
The Court of Appeal reversed the trial court's judgment, holding that the litigation was barred as res judicata.
In 1972, the Court of Appeal reversed the trial court judgment invalidating the statutory will and remanded the case to the trial court. This Court denied writs. Upon the denial of writs, the judgment became final. The issue then is whether that judgment bars the present litigation under the principles of res judicata.
Article 2286 of the Louisiana Civil Code provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
*866 The above article is civilian in origin, having been derived from Article 1351 of the Code Napoleon (1804). The doctrine is based on a presumption of correctness, rather than on an extinguishment of the cause of action. LSA-C.C. Art. 2285; 1 Planiol Civil Law Treatise, pt. 1, No. 361 (12th ed. La.State L.Inst. transl. 1939). As a general rule, the decided case precludes a second litigation only if it involves the same parties, the same cause, and the same object of demand as the prior suit. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. LSA-C.C. Art. 2286; Scurlock Oil Company v. Getty Oil Company, La., 294 So.2d 810 (1974); Giroir v. Dumesnil, 248 La. 1037, 184 So.2d 1 (1966); Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965); 34 La.L.Rev. 763, 765.
The determination of the object of the first judgment in the present case requires an interpretation of the decree. See Soniat v. White, 155 La. 290, 99 So. 223 (1924); Police Jury of Parish of Lafourche v. Police Jury of Parish of Terrebone, 48 La.Ann. 1299, 20 So. 708 (1896); 2 Planiol, Civil Law Treatise, pt. 1, No. 54A(5), p. 36 (11th ed. La.State L.Inst.transl. 1939).
The decree in the first case reads as follows:
"For the foregoing reasons, the judgment appealed from is reversed and remanded. The defendant-appellee is to pay all costs.
"Reversed and remanded."
As phrased, the decree did nothing more than reverse the judgment of the trial court and remand the case for further proceedings. The remand, of course, would permit the trial judge to consider other grounds of opposition not reached by him upon the original disposition.
The plaintiff, however, relies upon the following language found in the body of the Court of Appeal opinion:
"For that reason we find that the trial judge erred and reverse his finding that the testatrix lacked the necessary qualifications at the date of execution of the will. We remand this case to the District Court for the probate of the statutory will." (Italics ours.)
It is well settled that in the application of res judicata, it is the judgment, or decree, and not the reasoning that led to it which is controlling. Soniat v. White, supra; State ex rel. Puritan Co. v. City of New Orleans, 169 La. 365, 125 So. 273 (1929); Davidson v. Carroll, Hoy & Co., 23 La.Ann. 108 (1871).
When the language relied upon is examined, however, it discloses that the Court of Appeal adjudicated only the literacy qualifications of the testatrix to make a will. If the word probate is taken to mean admission to probate, the last sentence is inconsistent with the decree. We think, however, that probate is used here as in common usage to mean the process of officially establishing the validity of the will.[1]
We hold, therefore, that the exception of res judicata is unfounded. Since the Court of Appeal has not passed upon the merits of the case, we will follow our usual practice and remand the case to that court for consideration of the merits.
For the reasons assigned, the judgment of the Court of Appeal is reversed; the exception of res judicata is overruled; and the case is remanded to the Court of Appeal for consideration of the merits. All costs in this Court are assessed against plaintiff, J. Daniel Rivette, and the assessment of other costs shall await the outcome of the suit.
NOTES
[1] See Webster's Third New International Dictionary Verbo probate: "the action or proces of officially establishing before . . . a court" that a will is valid. See also In Re Hirsh's Estate, 27 Ill.App.2d 228, 169 N.E.2d 591 (1960).