WATSON, Judge.
Plaintiff-in-reconvention, Robert L. Waterbury, has appealed from a trial court judgment which: dismissed his reconven-tional demand against defendant-in-recon-vention, Scurlock Oil Company; sustained Scurlock’s peremptory exception of res judi-cata; and granted Scurlock a summary judgment.
The litigation commenced as a concursus proceeding by Scurlock, which purchased the production from a unit well in St. Landry Parish. The question of who was entitled to the proceeds of the well has previously been litigated in Scurlock Oil Company v. Getty Oil Company, 278 So.2d 851 (La.App. 3 Cir. 1973) reversed, 294 So.2d 810 (La., 1974), and Waterbury’s liability for well costs and operating expenses in Scurlock Oil Company v. Getty Oil Company, 324 So.2d 870 (La.App. 3 Cir. 1975). The only parties to this appeal are Scurlock and Waterbury.
In essence, Waterbury’s reconventional demand claims that Scurlock should reimburse him $35,771.50 which was paid to the unit operator, R. L. Bauman,[1] by Scurlock after Waterbury had notified Scurlock that Bauman had failed to comply with LSA-R.S. 30:103.1 and 103.2, which provide:
LSA-R.S. 30:103.1:
“Whenever there is included within a drilling unit, as authorized by the commissioner of conservation, lands producing oil or gas, or both, upon which the operator or producer has no valid oil, gas or mineral lease, said operator or producer shall report to the owners of said interests, by a sworn, detailed, itemized statement, the costs of the drilling operations of said unit within ninety calendar days from the completion of the well. Reports shall be sent by registered mail to each owner of an unleased oil or gas interest who has requested such report and furnished his name and address to the operator or producer.”
LSA-R.S. 30:103.2:
“Whenever the operator or producer permits (1) ninety calendar days to elapse from completion of the well and (2) fifteen additional calendar days to elapse from date of receipt of written notice by registered mail from the owner or owners of unleased oil and gas interests calling attention to failure to comply with the provisions of R.S. 30:103.1, such operator or producer shall forfeit his right to demand contribution from the owner or owners of the unleased oil and gas interests for the costs of the drilling operations of the well.”
An affidavit was filed by Waterbury in opposition to the motion for summary judgment alleging, in pertinent part, that: he was owner of a 40% unleased forced working interest in unit 23-2 Opelousas Field, St. Landry Parish, Louisiana, Ledoux No. 1 well; that Bauman was designated operator; that Waterbury at no time leased his interest; that production was established in late November or early December, 1961; that oral demand was made for an accounting of drilling and operating costs, expenses and Waterbury’s share of production; that no response was received; that a written demand by registered mail was sent to Bau-man in compliance with the above statutes on October 12, 1962; that no accounting was received; that the Supreme Court held in the Scurlock case reported at 294 So.2d 810 that Waterbury was entitled to receive the proceeds attributable to his 40% interest; that, as a result of Bauman’s failure to make an accounting of drilling and operating expenses, Bauman has forfeited his right to demand contribution from Waterbury for drilling costs; that Scurlock wrongfully paid the $35,771.50 to Bauman as Waterbury’s share of drilling costs and is *1136 indebted to Waterbury for that amount; that Scurlock had stipulated payment of the $35,771.50 to Bauman; and that this stipulation between the parties, Exhibit B, was incorporated for reference.
RES JUDICATA
Waterbury’s first contention on appeal is that the exception of res judicata was improperly sustained because: the necessary identity of the parties is not present; the demands are not formed against them in the same quality; the thing demanded is not the same; and the cause of action is different.
LSA-C.C. art. 2286 provides:
“Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The decree in the Scurlock case reported at 324 So.2d 870 affirmed a trial court judgment in favor of “the Bauman Group” for $18,725.58 in well costs and operating expenses.
“It is well settled that in the application of res judicata, it is the judgment, or decree, and not the reasoning that led to it which is controlling.” Rivette v. Moreau (Estate of Mistric), 336 So.2d 864 at 866 (La., 1976).
Under the Louisiana doctrine of res judicata, as enunciated in Sliman v. McBee, 311 So.2d 248 (La., 1975), comment at 36 L.L.R. 573, and Rivette v. Moreau, 336 So.2d 864 (La., 1976), the prior judgment would not bar this litigation because of differences in the cause, i. e., the amount claimed.
Counsel for Scurlock contends that the $35,771.50 in dispute here and the $18,725.58 previously litigated are parts of a lump sum and a single obligation, the total well costs. This may be correct but nothing in the record of this appeal establishes that fact.
Thus, the peremptory exception was improperly sustained by the trial court, under a strict application of the doctrine of res judicata as recognized in Louisiana.
SUMMARY JUDGMENT
The trial court did not articulate its reasons for granting summary judgment. The statutory requirement is, of course, that there be no genuine dispute as to material facts and that the mover be entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The only evidence, other than Waterbury’s affidavit, is a stipulation, Exhibit B, attached to the affidavit. It provides for retention of $58,000 in the registry of the court to take care of any drilling or operating expenses which might be due; for the Bauman Group to file a detailed schedule of such costs on or before November 4,1974 at 10:00 A.M.; and:
“It is further stipulated that the sum paid by Scurlock Oil Company out of production attributable to the Waterbury leases is $35,771.50, and that Robert L. Waterbury doesn’t claim that actual well costs were less than that amount, specifically reserving to Robert L. Waterbury the right to claim reimbursement from, Scurlock Oil Company for the payment of said sum.
“It is further stipulated that the total sum paid by Scurlock Oil Company of $35,771.50, was paid to or for the account of The Estate of Roger L. Bauman, Jon Rogers Bauman Trust Estate, Michael Collins Bauman Trust Estate, Jim Bra-den, Donald S. Bollman, and Mrs. Mildred Bollman.
“It is further stipulated that pleadings will be filed on behalf of Robert L. Waterbury, specifically stating the amount and the nature of his claim against Scurlock Oil Company for reimbursement of the amount of $35,771.50 that it paid to or for the account of the Bauman group and that pleading will be filed on or before November 4, 1974 at 10:00 A.M.” (Exhibit B, TR. 16-17).
*1137 There is no factual dispute. Waterbury stipulated the essential facts, as quoted above. The well costs were at least $35,-771.50; Scurlock paid that amount; and that amount was attributable to the Waterbury leases.
While the trial court did not state its theory for granting summary judgment, there are three valid bases (not entirely independent) upon which Scurlock may be held to be entitled to judgment. They may be denominated as (1) judicial estoppel; (2) right of prior claim; and (3) payment of a third party’s debt.
The trial court may have considered, first, that the claims urged by Waterbury have already been well and fully tried. This court has considered previously, carefully and meticulously the question of whether Waterbury may escape well costs or whether Bauman has the right to well costs from Waterbury’s interest in the production. Scurlock Oil Company v. Getty Oil Company, 324 So.2d 870 (La.App. 3 Cir. 1975). The opinion stated:
“The principal issue presented on this appeal is whether R. L. Bauman, one of the defendants included in the Bauman Group, has forfeited his right to claim drilling costs. We have decided that his right to recover those costs has not been forfeited.” 324 So.2d 875.
In addition, this court held:
“We also feel that Waterbury has waived his right to enforce the penalty provided in those sections of the Revised Statutes.
* * * * * *
“We believe that Waterbury, by seeking and obtaining the above court order, and by stipulating that the Bauman Group could file a claim for well costs and operating expenses within a specified time, waived any right he may have had previously to enforce the penalty provided in LSA-R.S. 30:103.1 and 103.2.” 324 So.2d 877.
Thus, the issue was previously considered and this Court rejected Waterbury’s contention that Bauman had forfeited the right to well costs from Waterbury’s share of the production. Now Waterbury urges precisely the same contention. This court found Bauman or “the Bauman Group” entitled to collect well costs from Waterbury. The legal issue was decided adversely to Waterbury’s contention.
As the Supreme Court held in California Company v. Price, 234 La. 338, 99 So.2d 743 (1957):
“It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal.” 99 So.2d 747.
Waterbury is judicially estopped from claiming repayment of well costs made to Bauman by Scurlock.
A second basis for holding that Scurlock was entitled to pay the $35,771.50 to the Bauman Group might be called the “right of prior claim”.
The party drilling the well, here Bauman, had the right under LSA-R.S. 30:10(A)(1)(c) and Hunter Co. v. McHugh, 202 La. 97, 11 So.2d 495 (1942) to retain or receive the well proceeds until his well costs were paid and Waterbury therefore had no prior right to the proceeds. Also see Superior Oil Co. v. Humble Oil & Refining Company, 165 So.2d 905 (La.App. 4 Cir. 1964).
A final basis for summary judgment is the right to pay another’s debt. The trial court could have correctly granted summary judgment on the legal theory that Scur-lock paid to Bauman the debt of a third party, Waterbury, and, since Waterbury has stipulated that the amount of well costs at least equal the amount of the payment, and, since Bauman is entitled to well costs from Waterbury, under the previous decision of this court, the payment was proper. LSA-C.C. art. 2040; Cf. Cox v. W. M. Heroman & Co., Inc., 298 So.2d 848 (La., 1974).
Therefore, the better resolution of this appeal is to overrule the plea of res judicata but to affirm the summary judgment as entered by the trial court, dismissing the *1138 reconventional demand of Robert L. Waterbury. All costs are taxed to Waterbury.
AFFIRMED.

. The payment was to what is called “the Bau-man Group” rather than R. L. Bauman, but no issue is made concerning that fact; R. L. Bau-man and the “Bauman Group” are used indiscriminately by the parties and in this opinion.