372 So.2d 649 (1979)
Prince LEWIS
v.
EAST FELICIANA PARISH SCHOOL BOARD.
No. 12652.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
Rehearing Denied July 16, 1979.
*650 George R. Covert, Baton Rouge, for plaintiff-appellant.
John F. Ward, Jr., Baton Rouge, for defendant-appellee.
Before ELLIS, LOTTINGER and BAILES, JJ.
ELLIS, Judge.
Plaintiff, Prince Lewis, was dismissed from his position as a tenured teacher by the East Feliciana Parish School Board on September 20, 1976, following a full hearing. He appealed his dismissal to the 20th Judicial District Court, alleging that he was refused the right to investigate the charges against him; that he was prevented from presenting evidence at the hearing; and that the findings of the School Board were clearly erroneous. Mr. Lewis prayed that a full hearing be held in the district court, and that he be reinstated.
In its answer, the School Board suggested that the trial court decide the matter on the record of the hearing held before it. Mr. Lewis then moved for a trial de novo before the district court.
The trial judge found that plaintiff was not entitled to a trial de novo, and based his judgment on his review of the record of the hearing before the School Board. He further found that all constitutional safeguards had been observed, and that the action of the School Board was neither arbitrary nor an abuse of its discretion.
Plaintiff has appealed, alleging that the trial court abused its discretion in not permitting him to present additional evidence at the hearing before it, and that he was denied his right to due process of law in the hearing before the School Board.
The alleged denial of due process has three bases. First, plaintiff contends that he was not given proper notice of the charges against him. Second, he complains that he was not permitted to take the depositions of the complaining witnesses against him. Third, he alleges that he was refused a continuance during the hearing.
R.S. 17:443 provides as follows:
"A. A permanent teacher shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency or dishonesty, or of *651 being a member of or of contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the State of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least fifteen days in advance of the date of the hearing, the school board shall furnish the teacher with a copy of the written charges. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at the said hearing. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
"B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of incompetency, or dishonesty, or of being a member of or of contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the State of Louisiana, and ordered removed from office, or disciplined by the board, the teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board."
In disposing of the above contentions relative to due process, the trial judge said:
"It is apparent from the record that the procedural safeguards contained in the statute were observed. Mr. Lewis was notified, in writing, of the charges against him and of the names of the complainants on August 12, 1976. The hearing, originally scheduled for August 31, 1976, was continued at the request of Mr. Lewis' counsel, until September 28. Teachers who were requested as witnesses were made available. Therefore, the fifteen (15) day notice requirement contained in the statute was certainly met, and Mr. Lewis' witnesses were able to be present at approximately 10 hour hearing. Furthermore, Mr. Lewis was represented at the hearing by counsel and was allowed to cross examine the witnesses in his behalf. Furthermore, as previously mentioned, the board granted Mr. Lewis a continuance of thirty (30) days, so that he could better prepare his defense. In fact, Mr. Lewis had been represented by an excellent retained counsel since March 19, 1976 (T-399).
"One of the allegations of the petition to this court is that Mr. Lewis was not allowed to present evidence in his behalf. The basis of this allegation, apparently, is the refusal of the board to grant a second continuance so that Mr. Lewis' counsel could obtain, by deposition, the expert testimony of a child psychologist. The record reveals that the motion for continuance was made during the course of the hearing. It was within the discretion of the board to grant the motion and their refusal to do so was not an abuse of that discretion.
"Also, a formal objection was raised by Mr. Lewis at the beginning of the hearing, citing his inability to obtain depositions of the complainant witnesses. The record reveals that prior to the hearing, a writ of mandamus was sought, by which Mr. Lewis sought to have the board compel the attendance of the young girls at a deposition, and that the request was denied by the Twentieth Judicial District Court, Honorable Fred A. Blanche, Jr., Judge ad hoc, presiding, who ruled that there was no statutory authority by which the girls could be compelled to appear at the deposition. See Prince Lewis v. James V. Soileau and Walter Davis, Number A-13,172. Based on this *652 previous decision, the board overruled the objection."
We find no error in the above rulings. We further note that the judgment in the mandamus suit by Judge (now Justice) Blanche, was not appealed, and is now the law of this case.
However, we think the trial judge fell into error in not permitting the plaintiff to present evidence in addition to that revealed by the transcript of the hearing before the School Board. In Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976) the court said:
"La.R.S. 17:443A provides, in relevant part, that `[a] permanent teacher shall not be removed from office except upon written and signed charges of wilful neglect of duty ... and then only if found guilty after a hearing by the school board of the parish ....' As previously noted, an aggrieved employee may `petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the courts shall have jurisdiction to affirm or reverse the action of the school board in the matter' (emphasis added) La.R.S. 17:443B. While this clause by its terms provides for review by the courts and not a trial de novo, see Campo v. East Baton Rouge School Board, 231 So.2d 67, 71 (La.App. 1st Cir. 1970) and Granderson v. Orleans Parish School Board, 216 So.2d 643, 646 (La.App. 4th Cir. 1969), the requirement of a full hearing indicates that the legislature intended the courts to exercise a broad scope of judicial review, particularly at the district court level. See Work of the Louisiana Appellate Courts for the 1972-73 Term, 34 La.L.Rev. 197, 306 (1974). Thus in Lewing v. De Soto Parish School Board, 238 La. 43, 113 So.2d 462 (1959), this Court noted that under the provisions requiring a full hearing at the district court level, a discharged employee of a school board could present additional evidence to that court."
Although the trial judge in this case correctly refused to give plaintiff a trial denovo, he should have permitted the presentation of additional evidence. This would have allowed plaintiff to put before the court the evidence which he alleges he was not allowed to present to the School Board.
We therefore find that the judgment appealed from should be set aside, and the case remanded to the trial court so that plaintiff might introduce such additional evidence as he may desire.
The School Board is entitled to the opportunity to negate such evidence as may be offered. However, we do not believe that plaintiff's right to offer additional evidence is unrestricted, and he should not be permitted to duplicate the testimony which has already been heard by the School Board. After hearing the additional evidence, the appeal should be decided by the trial judge using the standards of review set forth in the Howell case, supra. See also Lewing v. De Soto Parish School Board, 238 La. 43, 113 So.2d 462 (1959).
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings consistent with this opinion and according to law. All costs of this appeal shall be paid by the School Board to the extent provided by law. All other costs shall await final disposition hereof on its merits.
REVERSED AND REMANDED.