Prince LEWIS

v.

EAST FELICIANA PARISH SCHOOL BOARD.

No. 85–943–B.

United States District Court, M.D. Louisiana.

May 16, 1986.

---

**4.** Alternatively, we note that the releases are void for purposes of the Jones Act and maintenance and cure counts.

Releases are void under the Jones Act because section 45 U.S.C. § 55, made applicable to the Jones Act by virtue of 46 U.S.C. § 688, provides:

Any contract, rule, regulation, or devise whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself

from any liability created by this act shall to that extent be void.

Releases are also void for purposes of maintenance and cure. *Cortes v. Baltimore Insular Line,* 287 U.S. 367, 371–72, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932); *Dryden v. Ocean Accident and Guarantee Corp., Ltd.,* 138 F.2d 291, 293 (7th Cir.1943); *Rutherford v. Sea-Land Service, Inc.,* 575 F.Supp. 1365, 1371 (N.D.Cal.1983).

J. Arthur Smith, III, Baton Rouge, La., for plaintiff.

Robert L. Hammonds, Ward & Hammonds, Baton Rouge, La., for defendant.

POLOZOLA, District Judge:

This litigation began in 1976 when the plaintiff, Prince Lewis, a teacher employed by the East Feliciana Parish School Board, was dismissed for incompetency after exhaustively litigating his claim in state court. Lewis has now filed this suit under 42 U.S.C. § 1983 against the East Feliciana Parish School Board ("School Board"), his former employer. He seeks reinstatement to his teaching position, restoration of fringe benefits, and monetary damages for lost wages, loss of earning capacity, damage to his reputation and related mental suffering. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

This matter is now before the court on defendant's motion for summary judgment. For reasons which follow, the court finds the School Board's motion for summary judgment should be granted.

Lewis was charged by the School Board in 1976 of "improperly placing his hands on or near the private parts" of female students in his fifth grade classes during the 1975–76 and 1974–75 school years. After an administrative hearing before the School Board which lasted ten hours, Lewis was dismissed as a teacher in the East Feliciana Parish school system.

Lewis then filed suit in the Twentieth Judicial District Court in East Feliciana Parish for reinstatement and lost wages.[1] In the suit, Lewis alleged that he had been prevented from presenting evidence at the hearing and the School Board's findings were clearly erroneous. On November 7, 1978, the state district court ruled that the procedural safeguards provided by Louisiana law, specifically by La.R.S. 17:443,[2] had

---

1. *Prince Lewis v. East Feliciana Parish School Board*, No. A–13,306.

2. La.R.S. 17:443(A) provides that a permanent teacher may be removed from office only if found guilty after a hearing by the school board of formal written and signed charges. The teacher is given the option of whether the hear-ing is to be public or private, and written charges are furnished to the teacher at least 20 days in advance of the hearing. The statute sets forth specific information which must be included in the statement of charges. The teacher has the right to appear with counsel at the hearing and present witnesses, and the board

been observed and the findings of the School Board were supported by substantial evidence.

Lewis then filed an appeal with the Louisiana First Circuit Court of Appeal, contending that he was denied his right to due process of law in the administrative hearing. On May 29, 1979, the First Circuit affirmed the trial court's ruling that Lewis had received due process in the administrative hearing.[3] However, the court further ruled that Lewis should have been allowed to present additional evidence to the trial court. Thus, the First Circuit remanded the case to the trial court for "further proceedings consistent with this opinion and according to law," *i.e.*, for a decision by the trial court on the merits after the admission of limited additional evidence.[4]

In accordance with the appellate court's decision, the trial court held a second lengthy hearing on May 11, 1983, after which the trial court again upheld Lewis' dismissal. The court found there was no need to again discuss Lewis' due process claims because its earlier decision which found Lewis was afforded a due process hearing was affirmed by the First Circuit. Lewis again appealed the state district court's opinion to the First Circuit. The appellate court affirmed the district court's opinion which upheld Lewis' dismissal by the School Board.[5] On the second appeal, Lewis attempted to relitigate the issue of due process, but the First Circuit gave res judicata effect to its prior ruling, stating:

> In our previous decision, we ruled that the action of the school board was in accordance with the authority and formalities of the Louisiana Teachers Tenure Act, LSA–R.S. 17:443; that Mr. Lewis was accorded the procedural safeguards contained in the statute and that

*he was not denied due process of law* in his hearing before the school board. 372 So.2d at 652. *We will not reconsider that ruling.*

\*      \*      \*      \*      \*      \*

As stated above, *the issue of due process has been previously decided by this Court ...* [6]

Lewis then applied for writs to the Louisiana Supreme Court wherein he again raised the issue of due process. The Louisiana Supreme Court denied writs in the case on October 12, 1984.[7] On October 11, 1985, Lewis filed this action in federal court, which basically seeks the same relief Lewis sought in his state court litigation.

The School Board contends, and this court agrees, that the state court judgment bars relitigation of Lewis' claims in this court. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give the same preclusive effect to a final judgment of a state court as would another court of that state. *Parsons Steel, Inc. v. First Alabama Bank,* —— U.S. ——, 106 S.Ct. 768, 769–70, 88 L.Ed.2d 877 (1986); *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Lewis contends, however, there has been no final judgment in the School Board's favor on his constitutional claims. This contention is refuted by the procedural history of this case, which the court set forth above, and by the opinions rendered by the state courts in Louisiana.

Lewis correctly contends that Louisiana cases have held that in determining whether res judicata is applicable in a case, it is the judgment or decree, and not the reasoning which led to it, that is controlling.[8]

has the power to subpoena witnesses on the teacher's behalf.

3. *Lewis v. East Feliciana Parish School Bd.,* 372 So.2d 649 (La.App. 1st Cir.1979).

4. *Id.* at 652.

5. *Lewis v. East Feliciana Parish School Bd.,* 452 So.2d 1275 (La.App. 1st Cir.1984).

6. *Id.* at 1277, 1278 (emphasis added).

7. *Lewis v. East Feliciana Parish School Bd.,* 458 So.2d 123 (La.1984).

8. This court questions the Louisiana court's authority for this position. It is true that in *Puritan Co. v. New Orleans,* 169 La. 365, 125 So. 273 (1929), cited by the Louisiana Supreme Court in support of its decision in *Rivette,* the West head-

*Rivette v. Moreau,* 336 So.2d 864, 866 (La. 1976); *Scurlock Oil Co. v. Getty Oil Co.,* 344 So.2d 1134, 1136 (La.App. 3d Cir.1977). However, the facts in *Rivette* are distinguishable from the facts of this case because it is clear that in *Rivette* the appellate court reversed the entire lower court opinion.[9] In this case, the decree of the First Circuit read:

> The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court *for further proceedings consistent with this opinion* and according to law....
> REVERSED AND REMANDED.[10]

It is obvious from a reading of the First Circuit's opinion that the appellate court, by its decree, was not reversing the entire opinion of the trial court. The court clearly held that the trial court was correct in its ruling that Lewis received all of the procedural safeguards he was due at the administrative hearing and that he was not entitled to a trial *de novo.* The language in the decree "for further proceedings consistent with this opinion" clearly indicated that the court's judgment as to the due process and trial *de novo* issues was final, and it was treated as such by the Louisiana courts in Lewis' subsequent litigation.

■ Lewis also contends that two of the three elements necessary for a judgment to be given res judicata effect in Louisiana are lacking in this case. Louisiana principles of res judicata, derived from the civil law, are far narrower in effect than their common law counterparts. A Louisiana

court will give res judicata effect to a judgment only if: (1) the demand is between the same parties appearing in the same quality; (2) the thing demanded is the same; and (3) the demand is founded on the same cause of action.[11] If doubt exists that any of these criteria are satisfied, Louisiana does not bar relitigation.[12] It is undisputed that the parties in this case are the same as the parties in the state court actions. Lewis contends, however, that the "thing demanded" and the "cause of action" are distinct in this case from those in his state court action.

■ To determine whether there is an identity of the thing demanded, the court must begin with a comparison of the relief sought in the prayer of the state petition and the federal complaint. *Slocomb v. DeLizardi,* 21 La.Ann. 355, 356 (1869). However, the court is not limited to an examination of the prayers in the petition and complaint, but must examine the entire record in the first suit to determine what matters were actually litigated.[13] In both suits, Lewis sought reinstatement[14] and back pay. Additionally, in this action Lewis seeks attorney's fees under 42 U.S.C. § 1988 and damages for reputational injury caused by public disclosure of the charges against him.

■ It is well settled that the doctrine of res judicata is applicable to a § 1983 action brought subsequent to a state court ac-

---

note states "The reason for a decree formed no part of the decree in so far as the rule of res judicata is concerned." However, the headnote, which forms no part of the opinion, is directly contrary to the actual holding of the opinion, which was that the court must look to the *substance* of the judgment, and not just the *form,* for the purposes of res judicata.

**9.** The decree in *Rivette* stated: "For the foregoing reasons, the judgment appealed from is reversed and remanded. The defendant-appellee is to pay all costs. Reversed and remanded."

**10.** 372 So.2d 649, 652 (emphasis added).

**11.** La.R.S. 13:4231; *Cooper v. Louisiana Farm Bureau Casualty Co.,* 481 So.2d 611, 613 (La.

1986); *Brister v. Jefferson Parish,* 747 F.2d 1019, 1021 (5th Cir.1984).

**12.** *Welch v. Crown Zellerbach Corp.,* 359 So.2d 154, 156 (La.1978); *Brister,* 747 F.2d at 1021.

**13.** *State ex rel. Guste v. New Orleans,* 363 So.2d 678, 681 (La.1978); *Sewell v. Argonaut Southwest Ins. Co.,* 362 So.2d 758, 760 (La.1978).

**14.** Although couched in different phraseology than the state court prayer, Lewis' demand in section I of the prayer in this suit for a declaration that the School Board's action terminating his employment be declared void is nothing more than a demand for reinstatement.

tion.[15] A party cannot defeat res judicata simply by asserting a claim for attorney's fees under § 1988 because that item of damages is incidental to the § 1983 action. Furthermore, damages for injury to reputation are not recoverable in a § 1983 action.[16] The object of the demand in both the state and federal suits was to have Lewis' termination declared void because of alleged violations of due process. Restoration of Lewis' employment status and lost wages is the only relief to which Lewis could be entitled in either suit. Thus, there clearly is identity of the thing demanded.

■ There is also identity of the cause of action herein. In paragraph 15 of the complaint filed in this court, Lewis states that he set forth the same cause of action in the state suit. However, the civilian concept of "cause" in La.R.S. 13:4231 (mistranslated from the French as "cause of action") is narrower than the common law cause of action and has been defined by the Louisiana Supreme Court as "the juridical or material fact which is the basis of the right claimed, and ... essentially refers to the grounds upon which the demand is based." *Lamb v. Lamb*, 411 So.2d 1, 2 (La.1982). Since both the state and federal actions are based upon the failure of the School Board to afford Lewis due process, the third element required for the application of res judicata is present.

■ In *Slocomb v. DeLizardi*, 21 La. Ann. 355–56 (1869), the Louisiana Supreme Court stated:

[T]he authority of the thing adjudged is not a mere technicality of the law, but it is a principle of jurisprudence which is founded in the interest of society. It rests upon the broad and necessary doctrine that the disputes of men must, at some time, have an end, and it is, therefore, favored by the law.

To say that Lewis has had adequate and comprehensive review of the School Board's actions is an understatement. Prince Lewis has had an administrative hearing before the East Feliciana Parish School Board. This decision has been reviewed twice by the Twentieth Judicial District Court, twice by the First Circuit Court of Appeal and on three occasions by the Louisiana Supreme Court.[17] After his challenge to state administrative action was submitted to state judicial review, Lewis had ample opportunity to seek the appropriate federal review of his alleged federal claim of due process violations by the United States Supreme Court.[18] For reasons unknown to the court, Lewis did not seek review by the United States Supreme Court. While the plaintiff had a right to seek a writ of certiorari from the United States Supreme Court, he is not permitted to appeal a decision of the state court to the federal district court under § 1983. This is so whether the § 1983 suit seeks review of the state court decree or presents a constitutional claim which is inextricably intertwined with the state court's grant or denial of relief. *District of Columbia*

---

15. *Hale v. Harney*, 786 F.2d 688 (5th Cir.1986); *Carbonell v. Louisiana Dep't of Health & Human Resources*, 772 F.2d 185, 188 (5th Cir.1985); *Hernandez v. Lafayette*, 699 F.2d 734, 736 (5th Cir.1983).

16. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Campos v. Guillot*, 743 F.2d 1123, 1125 (5th Cir.1984); *Cox v. Northern Va. Transp. Comm'n*, 551 F.2d 555 (4th Cir.1976). The Fifth Circuit has also held in several cases arising in Louisiana that under the doctrine of res judicata, the prior judgment of the state court is conclusive as to all matters which were litigated or *might have been litigated* therein and bars a subsequent decision by the federal courts. *Garner v. Giarrusso*, 571 F.2d 1330, 1336 (5th Cir.1978); *Jennings v. Caddo Parish*

*School Bd.*, 531 F.2d 1331 (5th Cir.1976); *Frazier v. East Baton Rouge Parish School Bd.*, 363 F.2d 861, 862 (5th Cir.1966). *See also Grubb v. Public Utilities Comm'*, 281 U.S. 470, 478–79, 50 S.Ct. 374, 378, 74 L.Ed.2d 972 (1930). However, this appears to be contrary to Louisiana jurisprudence which holds that civilian res judicata applies only to those matters actually litigated. *Sewell v. Argonaut Southwest Ins. Co.*, 362 So.2d 758, 760 (La.1978).

17. The Louisiana Supreme Court reviewed this case once on application for writs of certiorari and twice on remedial writs.

18. *See Frazier v. East Baton Rouge Parish School Bd.*, 363 F.2d 861 (5th Cir.1966), a virtually identical case.

*Court of Appeals v. Feldman,* 460 U.S. 462, 482–83 n. 16, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983); *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986); *Carbonell v. Louisiana Dep't of Health & Human Resources,* 772 F.2d 185, 188 (5th Cir.1985).

In *Carbonell* the Fifth Circuit stated:

It is hornbook law that § 1983 does not create a federal cause of action but, rather, a remedy for the vindication of other federal statutory or constitutional rights. That those rights have been adjudicated in a state court under concurrent § 1983 jurisdiction or under a state cause of action is of no moment: once a determination has been made by a state court relative to the existence or non-existence of a federal right, and any possible infringement of that right, the only avenue of review is to the United States Supreme Court via 28 U.S.C. § 1257(3). As a panel of this court observed:

A federal district court, as a court of limited original jurisdiction, lacks power to review, modify or nullify a final order of a state court. Nor can a party, aggrieved by a judicial decision of a state's highest court, invest a lower federal court with such jurisdiction by clothing his or her grievance in the garb of § 1983 and alleging that the decision of the state court deprived him or her of constitutionally protected rights or interests.... A party seeking relief from such an allegedly unconstitutional action by a state court may seek review in only one federal court—the United States Supreme Court.[19]

The Fifth Circuit used even stronger language in the *Hale* case in admonishing federal court judges not to act as a forum to review state court decisions:

A review of the complaint reveals that the suit is inextricably intertwined with the state court Decree of Divorce, and

that much of the relief sought by Dr. Hale is a modification of that decree. A lengthy line of decisions in our court, commencing with *Sawyer v. Overton,* 595 F.2d 252 (1979) and *Kimball v. The Florida Bar,* 632 F.2d 1283 (1980), holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits. Nor is the principle stated limited to actions, such as *Sawyer, supra,* which candidly seek review of the state court decree; it extends to others in which "the constitutional claims presented [in federal court] are inextricably intertwined with the state court's" grant or denial of relief. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16 [103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206] (1983). In such a case, "the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Ibid.* Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours.

\*    \*    \*    \*    \*    \*

We hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system. Constitutional questions such as these are, to employ the Supreme Court's phrase in *Feldman,* "inextricably intertwined" with questions of the validity of the state court's decree, questions reviewable in the state system; and the district court correctly dismissed the complaint containing them as beyond its jurisdiction.[20]

Although it is now unnecessary to rule on the remaining issues in this case, the

---

19.  772 F.2d at 188.

20.  786 F.2d at 690–91. In *Hale,* the Fifth Circuit also affirmed sanctions imposed on the plaintiff unde Rule 11 of the Federal Rules of Civil Procedure and imposed sanctions of it own un-

der Rule 38 of the Federal Rules of Appellate Procedure. The court reserves for another day whether sanctions should be imposed under Rule 11 against the plaintiff and his counsel.

court feels compelled to note that Lewis' attempt to reserve his rights to have his federal claims heard by a federal court is totally without effect. In *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 419, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964), the United States Supreme Court held:

> [I]f a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court— he has elected to forgo his right to return to the District Court.

Lewis' "reservation" was filed on August 12, 1982, *after* his due process claims had been rejected by the Louisiana First Circuit Court of Appeal and the Twentieth Judicial District Court. Furthermore, Lewis continued to pursue his federal claims in state court even after the so-called "reservation" was filed.

Because the parties have already litigated all the issues presented here in the Louisiana courts, Lewis is barred from again litigating these issues in federal court in a § 1983 suit. At some point this litigation must come to an end. This federal suit was groundless and frivolous. A "reasonable inquiry" required by Rule 11 could not have led counsel to believe the allegations in the pleading to be well grounded in law, particularly in light of the *Feldman, Carbonell* and *Hale* decisions. These authorities were rendered by the United States Supreme Court and the Fifth Circuit Court of Appeals. Slight research would have discovered them. *Carbonell* was even cited to counsel for plaintiff during oral argument. As the Fifth Circuit concluded in *Hale:* "Neither we nor the trial courts sit to serve as implements of financial torture and delay, to be applied to hapless parties at the pleasure of counsel." [21] Thus, the court shall set a hearing to determine why sanctions should not be imposed against Lewis and his counsel.

For reasons set forth above:

21. 786 F.2d at 692.

IT IS ORDERED that the motion of East Feliciana Parish School Board for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff and Arthur Smith, his counsel of record, shall show cause on June 6, 1986, at 9:00 a.m. why sanctions should not be imposed on them under Rule 11 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that on or before May 30, 1986, the East Feliciana Parish School Board shall file with the court and opposing counsel an itemized statement of all attorney's fees, costs and expenses incurred in defending this federal suit.