Prince LEWIS, Jr., Plaintiff-Appellant,

v.

EAST FELICIANA PARISH SCHOOL BOARD, Defendant-Appellee.

No. 86–3628.

United States Court of Appeals, Fifth Circuit.

June 26, 1987.

J. Arthur Smith, III, Baton Rouge, La., for plaintiff-appellant.

Robert L. Hammonds, John F. Ward, Jr., Baton Rouge, La., for defendant-appellee.

Before CLARK, Chief Judge,
POLITZ, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Prince Lewis, Jr., a former tenured school teacher, appeals from a summary judgment, dismissing his claim asserted under 42 U.S.C. § 1983 against the East Feliciana Parish School Board. The district court held that the claim had been decided by the Louisiana state courts, and was barred by res judicata; that in any event it lacked jurisdiction to review the state court decisions, 635 F.Supp. 296. We find jurisdiction and affirm.

I

A child reported that Prince Lewis, Jr., a fifth grade teacher at Clinton Lower Elementary School, told her to sit in the hall to take a makeup test, outside the presence of the other students; that while she was in the hallway, Lewis placed his hand on her inner thigh and made a rubbing movement.

In an ensuing investigation, parents of other young female students in Lewis's fifth grade class complained to James Soileau, the school superintendent. All complaints accused Lewis of similar acts.

The investigation led to a tenure hearing. Lewis received written notice of the hearing, of the charges brought against him, and of the names of the complainants more than fifteen days before the scheduled hearing as required by La.Rev.Stat.Ann. art. 17:443. Lewis's request for a thirty-day continuance was granted. During the delay, Lewis asked a state district court to order the School Board to grant access to the complainants for depositions. In his petition, Lewis alleged that he was entitled to take depositions under the provisions of the Administrative Procedures Act and the due process clause of the federal Constitution, arguing:

> The question posed is whether or not a teacher pending dismissal under the provisions of R.S. 17:443 has been accorded "due process of law" within the meaning of the United States and Louisiana Constitutions.

The district court denied the writ, finding no statutory basis for ordered depositions and no due process violation. Lewis did not appeal.

At the tenure hearing, the School Board provided a court reporter to transcribe the proceedings, and allowed voir dire examination of all School Board members before the hearing commenced, although not required by Louisiana law to do so. During this examination, two School Board members disclosed that they had been approached by interested persons about this

case—one by a student's mother and one by Lewis—but no one objected to their continued participation. Everyone Lewis requested was available for the hearing. At Lewis's request, all witnesses were then sworn and sequestered.

Each student testified regarding her encounter with Lewis and each mother testified about learning of the incidents from her child. Other witnesses, including Superintendent Soileau and Wendell H. Hall, superintendent of the West Feliciana Parish Schools, testified about the investigation and consequences of Lewis's acts. Lewis then testified and presented character witnesses. He called every witness that he wanted to call, and introduced over twenty exhibits at the hearing. The hearing lasted about ten hours, and at its close, Lewis requested a continuance so that he could present additional expert testimony. The School Board denied this requested continuance.

After the School Board voted to accept Superintendent Soileau's recommendation of dismissal, Lewis sued the School Board in state district court, alleging that he "was consistently refused the right to investigate the charges and allegations made against him and was prevented from presenting evidence at the hearing." He again argued that, under both federal and state law, the notice of the charges against him was insufficient to satisfy minimal due process requirements:

> Plaintiff was denied the procedural due process required by the Louisiana Constitution of 1974, Article I, Section 2, and the Louisiana Revised Statute 17:443, in addition to the violation of the due process standards of *Roth* and *Sinderman.*

Lewis also asked for trial *de novo* on his dismissal.

The state district court denied Lewis's request for trial *de novo*, and ruled that no new evidence could be presented. After reviewing the transcript of the School Board hearing, it found that Lewis had received due process of law under both federal and state law; that the School Board had acted within its discretion in denying a continuance; and that there was substantial evidence to support the dismissal.

Lewis appealed to the Louisiana First Circuit Court of Appeals, raising both federal and state due process claims and his claim that he should have been allowed to offer additional evidence at trial. The court found *no due process violation* and affirmed the School Board's denial of the continuance. *Lewis v. East Feliciana Parish Sch. Bd.,* 372 So.2d 649, 652 (La.App.), *writ denied,* 375 So.2d 959 (La.1979). However, the court found as a matter of state law that Lewis should have been allowed to offer additional evidence at trial on the merits of the School Board's decision, reversing and remanding for that evidence. *Id.* The School Board's application for discretionary review by the Louisiana Supreme Court was denied.

Upon remand, Lewis asked the district court to remand the case to the School Board so that it could hear the additional evidence. The district court refused. Lewis filed supervisory writs with both the Louisiana First Circuit Court of Appeals and the Louisiana Supreme Court, attacking the district court's refusal to remand the case. Both applications were denied.

While the supervisory writs were pending, Lewis filed for the first time a reservation of his right to litigate his federal claims in federal court. At trial on remand, the district court accepted Lewis's additional proof regarding the merits of his dismissal, but refused to hear further evidence regarding his claim that he was denied due process secured under state law, since these claims had been finally resolved. The district court then found Lewis's dismissal to be supported by substantial evidence. Lewis again appealed.

On appeal, the Louisiana First Circuit Court of Appeals refused to reconsider its previous state due process ruling, observing, as did the state trial court, that the issue had been conclusively resolved. *Lewis v. East Feliciana Parish School Bd.,* 452 So.2d 1275, 1277 (La.App.), *writ denied,* 458 So.2d 123 (La.1984). The court affirmed the district court's finding that

there was substantial evidence to support the dismissal. *Id.* at 1280.

Lewis's petition for a writ of certiorari from the Louisiana Supreme Court, asserting again his state due process claims, was denied. Lewis did not seek review by the United States Supreme Court.

Instead, Lewis filed this § 1983 action, claiming he was deprived of due process under the fourteenth amendment by the denial of specific essential information about the charges and by the participation of School Board members who were lobbied by parents during the course of the investigation and hearing. According to Lewis, the Louisiana courts did not conclusively resolve his federal due process claim during the first round of state litigation, and he presented only his state due process claim during the second trek through the Louisiana system.

## II

■ In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court ruled that a lower federal court could not exercise appellate jurisdiction over a final decision of a state court. "If the constitutional claims presented to a United States District Court are *inextricably intertwined* with the state court's denial in a judicial proceeding ..., then the District Court is in essence being called upon to review the state-court decision. This the District Court cannot do." *Feldman,* 103 S.Ct. at 1315 n. 16 (emphasis added).

The School Board argues that Lewis's federal complaint is barred by the *Feldman* doctrine, but we disagree. Lewis does not ask us to review the judgment of the Louisiana First Circuit Court of Appeals. Rather, he insists that we give the same effect to that judgment as would Louisiana, insisting that under Louisiana law the judgment did not reach the issues presented before us. In short, Lewis accepts the validity of the state court judgment, asks that we give it the same effect as it would have in a Louisiana court, but denies that it is a bar to his present claim. Accordingly, the *Feldman* doctrine is not implicated.

## III

Under the full faith and credit clause of the federal Constitution and its implementing statute, 28 U.S.C. § 1738, we must give the same preclusive effect to a final state court judgment as would another court of that state. *Parson's Steel, Inc. v. First Alabama Bank,* 474 U.S. 518 106 S.Ct. 768, 769–70, 88 L.Ed.2d 877 (1986); *Gregory v. Drury,* 809 F.2d 249, 253 (5th Cir.1987). This rule applies in all federal litigation, including actions brought under § 1983. *Gregory,* 809 F.2d at 253.

Louisiana principles of res judicata, derived as they are from the civil law, have a smaller grasp than their common law counterparts. A Louisiana court will give res judicata effect to a final judgment only if there is: (1) an identity of the parties, (2) an identity of the cause, and (3) an identity of the thing demanded. La.Rev.Stat.Ann. art. 13:4231 (West Supp.1987); *see also Dornak v. Lafayette General Hospital,* 399 So.2d 168, 171 (La.1981). Doubts are resolved in favor of subsequent litigation. *Welch v. Crown Zellerbach Corp.,* 359 So.2d 154, 156 (La.1978). Moreover, Louisiana does not recognize the common law doctrine of collateral estoppel. *Id.* at 157.

■ Lewis argues that the decisions by the Louisiana courts rejecting his federal due process claims are not final under Louisiana law because the Louisiana First Circuit Court of Appeals *reversed and remanded* the case to the trial court on its first trip through the Louisiana judiciary. The argument continues that because Lewis did not reassert his federal claims in state court, these claims were effectively reserved for decision here.[1] In any event,

---

1. Lewis's contention that he reserved his right to litigate his federal claims in federal court must fail. We doubt the effectiveness of a reservation of federal claims absent a prior federal abstention. *See Haring v. Prosise,* 462 U.S. 306, 322 n. 11, 103 S.Ct. 2368, 2377 n. 11, 76 L.Ed.2d 595 (1983); *compare Jennings v. Caddo Parish School Board,* 531 F.2d 1331, 1332 (5th Cir.1976) *with Howell v. State Bar of Texas,* 710 F.2d 1075, 1078 (5th Cir.1983), *cert. denied,* 466 U.S.

Lewis argues that his present claims are not barred by Louisiana law because the "thing" demanded is different, and the demand is founded on a different cause of action. We treat each contention in turn.

### A

Lewis's first answer to res judicata is that the first opinion of the Louisiana First Circuit Court of Appeals, which "reversed and remanded" the case "for further proceedings consistent with this opinion and according to law," cannot foreclose his federal claims. He argues first that the state courts did not rule on his federal due process claims, and that, in any event, the state district court's denial of his due process claims was not affirmed by the Louisiana First Circuit Court of Appeals.

In his original suit in Louisiana court, Lewis alleged "that he was refused the right to investigate the charges against him; that he was prevented from presenting evidence at the hearing; and that the findings of the School Board were clearly erroneous." *Lewis*, 372 So.2d at 650. Although the First Circuit affirmed the district court's denial of his due process claims, Lewis contends that the court did not rule upon the due process claims which he presents here.

■ Lewis now asserts that the School Board did not as required by *Ferguson v. Thomas*, 430 F.2d 852 (5th Cir.1970), provide him with sufficient detail of the reasons for his dismissal, provide him the names and the nature of the testimony of witnesses against him, or afford him a reasonable opportunity after such advice to be heard in his own defense, and that the School Board was not an impartial arbiter. We see no substantive difference between the claims asserted here and those denied by the Louisiana courts originally. Indeed, in his federal complaint, Lewis admitted that he set forth the same cause of action in state court. And Lewis's counsel con-

ceded in a hearing on asserted violations of Fed.R.Civ.Proc. 11 that these claims were presented in the initial state court trial. These claims were denied. *See R.G. Claitor's Realty v. Juban*, 391 So.2d 394, 398 (La.1980) (all issues presented in pleadings, and on which evidence has been offered are considered as disposed of by final judgment in cause).

■ Lewis next contends that the first opinion of the Louisiana First Circuit Court of Appeals, which "reversed and remanded" the case "for further proceedings consistent with this opinion and according to law," cannot constitute a final adjudication of his due process claims because this decree did not affirm in part the state trial court's holding. "[I]t is the judgment, or decree, and not the reasoning that led to it which is controlling" under Louisiana law. *Rivette v. Moreau (Estate of Mistric)*, 336 So.2d 864, 866 (La.1976).

But the Louisiana courts recognized that the adjudication of both his federal and state due process claims was final when they refused to reconsider his state due process claims during his second trek through the state court system. *See, e.g.*, *Lewis*, 452 So.2d at 1277. We need not speculate, as Lewis would have us do, about the preclusive effect Louisiana courts would grant the first judgment. The Louisiana courts themselves have viewed the district court's ruling as surviving the First Circuit's remand; the original decision was final.

### B

■ Lewis next argues that res judicata does not apply because he has demanded items of damages not claimed in state court, including injury to reputation, damage to professional standing and career, damages for emotional and mental suffering and attorney's fees.[2] The district court found that Lewis asserted a claim for rein-

---

950, 104 S.Ct. 2152, 80 L.Ed.2d 538 (1984). But we need not pursue this debate because, as we discuss later, Lewis's reservation was made only *after* the federal claims had been litigated in state court and is therefore ineffective.

2. Lewis does not argue that these are distinct claims for if they are, they may be dismissed as pendent state claims if the district court lacked jurisdiction over Lewis's § 1983 claim.

statement and backpay, like that previously adjudicated in state court.

In *State ex rel. Guste v. City of New Orleans,* 363 So.2d 678, 681 (La.1978), the Louisiana Supreme Court held that the requirement of identity of thing demanded does not require an identity of the prayer in the pleadings, but only that the object of both suits be the same. "[T]he court should determine what were the matters actually litigated and decided." *Id.* Because the object of both suits is to set aside Lewis's termination for denial of due process, we are persuaded that the objects were the same. His present contentions, like those presented before the Louisiana court, necessarily hinge upon resolution of the question whether the School Board violated Lewis's due process rights in terminating his employment. Adding items of damages, pursuable in state court, does not free Lewis from the reach of res judicata.

### C

Finally, Lewis argues that the federal demand differs from the state demand, that his present federal claims are based upon different grounds and different theories of recovery. The district court, however, concluded that "since both the state and federal actions are based upon the failure of the School Board to afford Lewis due process," there was an identity of cause. We are persuaded that the district court was correct.

■ Under Louisiana law, cause is the jurisdictional or material fact which is the basis of the right claimed, and essentially refers to the grounds upon which the demand is based. *Lamb v. Lamb,* 411 So.2d 1, 2 (La.1982). In his original suit in Louisiana court, Lewis alleged "that he was refused the right to investigate the charges against him; that he was prevented from presenting evidence at the hearing; and that the findings of the School Board were clearly erroneous." *Lewis,* 372 So.2d at 650. He there argued that these facts constituted a violation of both federal and state due process. Lewis now argues that he was not advised of the cause of termination in sufficient detail to allow him to prepare his defense, that he was not provided the testimony against him, and that he was not provided a chance to put forth his full defense before the School Board.

We have already determined that the allegations presented to the Louisiana courts and the allegations presented here are the same. Accordingly, an identity of demand exists, and res judicata is applicable.

■ Lewis's additional argument, that res judicata does not apply because his present cause of action is asserted under § 1983, misreads our decision in *Folsom Inv. Co. v. Moore,* 681 F.2d 1032 (5th Cir. 1982). In *Folsom,* the plaintiffs argued in state court that attachment had been obtained illegally. Then, plaintiffs sued in federal court under § 1983, claiming that the Louisiana attachment scheme was itself unconstitutional. Although the plaintiffs could have challenged the legitimacy of the attachment scheme in state court, we held their claims were not barred because Louisiana law does not apply claim preclusion. *Id.,* at 1036. However, in our case, Lewis does not present a new theory of relief, but only reasserts his previous claims under § 1983.

### IV

The judgment of the district court is AFFIRMED.